## Scott v. Simeral.

1. Chancery jurisdiction: foreclosure. Actions for the foreclosure of mortgages, and all proceedings of an essentially similar character, should be brought on the chancery side of the court.
2. *Kramer.* v. *Rebman, ante,* cited and followed.

*Appeal from Dubuque District Court.*

Friday, October 21.

*W. T. Barker*, for the appellant.

*Wilson, Utley & Doud*, for the appellee.

Woodward, J.—This was a petition in chancery, to cause the respondent to perform his obligation under a title bond given to him by the complainant, by making payment thereon, as provided, or that his interest in the land be foreclosed, and the land be sold for the payment. In substance, it was like a petition to foreclose a mortgage, only it is brought by the obligor against the obligee, to cause him to perform, or to be foreclosed.

The defendant demurred to the petition, the principal ground of which is, that it should be in law and not equity. On this question, a full opinion is written in *Kramer* v. *Reb-man, ante,* designed to cover the several cases submitted, which involve that question. In this also, the court sustained the demurrer, holding that the petition to foreclose on a mortgage, and in like cases, should be in law, under the Code, and not in equity.

In addition to the views and reasons in the case above named, it may be remarked that it is not consistent with the mode of proceeding at law that many things should be done which are usual in equity, and are oftentimes essential. The making prior, or subsequent incumbrancers parties, is often necessary, as is the making other interests, and under the powers and proceedings of courts of law, no method exists in which this can be done; or at least, none in which it can be to the same extent and effect; and the same may be said in respect to the power to modify, mould and arrange the interests of different, and perhaps conflicting persons. This whole class of powers, existing in a court of equity, is often necessary to be called into exercise in cases of this nature; and a court of law is not adapted to this duty. No difficulty would be experienced in a direct case between mortgagor and mortgagee, but it would be felt when other parties and other interests become connected with it. Thus in *Hodgden* v. *Stanton,*[1] one of the cases of this class, the Dubuque Loan Association held a mortgage on the same land, and it became necessary to make it a party as a subsequent incumbrancer, or at least as one holding a mortgage apparently conflicting with that of the complainant. The frequent necessity of calling into exercise those powers which are peculiar to the chancery jurisdiction, adds an argument of great weight to those drawn from the provisions of the Code, in favor of

1. In the case of *Hodgden* v. *Stanton,* the judgment below was reversed. The opinion by WOODWARD, J., follows *Kramer* v. *Rebman, ante,* as to the jurisdiction of courts of chancery in the foreclosure of mortgages. As it is cumulative only, it is not reported at length..

supporting that jurisdiction in cases for the foreclosure of a mortgage, and in others of an essentially similar character.

The decree of the court, in sustaining the demurrer to the petition, is reversed and the cause remanded.