## SHELDON ET AL. V. MICKEL & HEAD.

1. **Evidence:** BOOKS OF ACCOUNT. It rests within the discretion of the court to grant or refuse a rule for the production of books of account to be used in evidence; and, to reverse an order in such a case, an abuse of discretion must be shown, to the injury of the party complaining.

2. **Usury:** JUDGMENT FOR: DETERMINATION OF AMOUNT. Where money was loaned under a usurious contract and certain payments had been made upon the loan, in rendering judgment against the borrower in favor of the school fund, the amount upon which interest is to be calculated should be determined by deducting the payments from the whole amount loaned.

*Appeal from Greene District Court.*

SATURDAY, OCTOBER 24.

THE plaintiffs, D. J. Sheldon and C. J. Quinn, in their petition aver in substance that on June 19, 1869, they borrowed of defendants, who are bankers, $811 for sixty days, and as collateral security for re-payment they left with defendants two notes made by Bailey & Co. to plaintiffs, aggregating $1,450, with the verbal agreement, that if plaintiffs failed to pay the loan at maturity the defendants should continue to hold the collaterals, notify the makers of them and collect, and should apply the collections to the satisfaction of the loan and pay the balance over to plaintiffs; that the defendants collected the collaterals, but refused to pay over. For a second count, they aver that on August 10, 1869, they borrowed $500 more of defendants for sixty days, and gave them other collaterals, describing them, aggregating $700, with like agreement and result. They ask for judgment for eight hundred and fifty dollars with interest and costs.

The defendants for answer deny the allegations of the plaintiff's petition, and aver that they purchased the notes on Bailey & Co., and paid the plaintiffs for them at the time, and the transaction was not a loan, nor were the notes left with them as collateral. To the second count, they admit the loan as stated, and the receipt of the collaterals as described, and

aver that after applying all sums collected thereon to the payment of the $500 borrowed, and the interest, it leaves a balance due them of fifty-five dollars and thirty-two cents; they also set up a claim for one hundred and fifty-four dollars and seventy-six cents, for labor and expense incurred in making collections upon the collaterals, and they ask judgment, as upon a counter-claim, for these two sums.

The cause was tried to the court, without a jury, and a judgment rendered for defendants against the plaintiffs for $41.69, and for the school fund, on the ground of usury, against the plaintiffs for $204. The plaintiffs appeal.

*Russell & Tolliver* and *I. J. McDuffie* for appellants.

*Jackson & Head,* for appellees.

COLE, J.—I. Upon the trial, the testimony on the part of plaintiffs tended to show that the transaction mentioned in the first count was a loan, while that of defendants tended, with quite as much force, to show that it was a sale. When the evidence was nearly concluded, the plaintiffs filed a petition under Code, Secs. 3685-6, asking that defendants be required to produce to be inspected, copied and used as evidence, their day-book, journal, ledger and cash book for the years 1869, 1870 and 1871, and stating that the defendants had the custody of said books, that there were entries therein showing that defendants had treated the money mentioned in the first count as a loan, and the notes of Bailey & Co. as collateral; that they expected to prove by said books that defendants have charged plaintiffs with interest on that money as a loan, and credited them with money collected on the collaterals, the Bailey notes. This was sworn to by one of the plaintiffs. The court refused to require the defendants to produce said books, etc., and this refusal is assigned as the first error.

The statute provides that upon such an application the rule shall be granted " if the court deems such rule expedient and proper." It is a matter, therefore, left to the sound legal dis-

1. EVIDENCE: cretion of the court, and to reverse an order in such
books of ac-
count. case, requires the showing of an abuse of that discre-

tion to the injury of the party complaining. We have not before us any definite statement of the grounds of the refusal by the court. The record does show, however, that the issues were fully made up in June, 1873, and the trial did not take place till the October following; that the application was not made till the testimony was nearly closed; that no excuse for the delay was shown, nor does it appear that the books were in the same town or county where the trial was had, nor that a continuance would not be necessary if the rule was granted. Under such circumstances we would hardly be justified in saying that the court abused its discretion. The court had the benefit of *all* the facts surrounding the trial, but *few* of which are shown to us; and one of those facts shown to us, to-wit: the negligence or delay of the party applying for the rule, and the failure to offer any excuse for that delay, goes very far to justify the court in its action, and we cannot say that it erred therein.

II. It is next assigned as error that the court should have found the transaction mentioned in the first count a loan, and not a sale; but upon the evidence as we have it, our judgment accords with that of the learned judge who tried the cause.

III. The court below found the loan mentioned in the second count usurious, and rendered judgment against the plaintiffs for ten per cent. on the amount loaned, in favor of the school fund. In calculating the interest it was done upon the whole amount of the loan for the whole time. The evidence shows payments by collections upon the collaterals from time to time. It is not controverted that, if the amount is calculated exactly as between borrower and lender, and the proper credits endorsed, it would be eighty dollars only. That it should be so calculated was held by this court in *Smith, Twogood & Co. v. Coopers & Clark*, 9 Iowa, 388. The cause will be remanded with directions to modify that judgment accordingly, and, with such modification, the judgment is

2. USURY: judgment for; determination of amount.

AFFIRMED.